■ In the Matter of JOHN MOOREHEAD, Petitioner, v ERIC B. LANGLOH, as Commissioner of the Department of Transportation of the County of Westchester, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Department of Transportation of the County of Westchester, dated September 22, 1987, which, after a hearing, terminated the petitioner's employment upon a finding of misconduct.

Adjudged that the determination is confirmed, with costs, and the proceeding is dismissed on the merits.

The determination of misconduct is supported by substantial evidence in the record. The testimony and other evidence presented at the hearing established that the petitioner improperly transferred Department of Transportation bus passes and retained the proceeds therefrom. The totality of the evidence and the reasonable inferences to be drawn therefrom provide a rational basis for the Impartial Hearing Officer's findings of fact *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). The petitioner's assertion that the punishment was excessive in light of his years of service and lack of prior disciplinary charges is unpersuasive. Since his acts were properly characterized as a "breach of trust" and "moral turpitude", the penalty of dismissal is "not so disproportionate to the offense committed as to be shocking to one's sense of fairness" *(Eckert v City of Newburgh,* 114 AD2d 398, 399; *Matter of Pell v Board of Educ., supra).*

We have examined the petitioner's remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.