■ In the Matter of JUAN HICKMAN, Petitioner, v POUGH-KEEPSIE CITY SCHOOL DISTRICT et al., Respondents. [654 NYS2d 399] —Proceeding pursuant to CPLR article 78 to review a determination of the respondents Poughkeepsie City School District and the Poughkeepsie City School District Board of Education, dated October 25, 1995, which, after a hearing, terminated the petitioner's employment as a school custodian.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner was charged with unauthorized absences, habitual lateness, falsifying time sheets, and excessive use of the telephone during working hours. Based on the evidence adduced at the hearing and the petitioner's prior disciplinary record, the hearing officer found the petitioner guilty of all of the charges and recommended his dismissal.

After reviewing the record as a whole, we find that the determination was supported by substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). In light of all the circumstances, the penalty of dismissal was not so disproportionate to the misconduct as to be "shocking to one's sense of fairness" (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *Matter of Stoltz v Board of Regents,* 4 AD2d 361, 364). The penalty of termination is not excessive when the employee has falsified time sheets (*see, e.g., Matter of Lorenzo v Board of Educ.,* 104 AD2d 621) or has a record of unauthorized absences (*see, e.g., Matter of Collins v Amrhein,* 134 AD2d 346).

Finally, the petitioner's contention that the School District unlawfully discriminated against him because he was an alcoholic is without merit. Although alcoholism is a disability within the meaning of the New York State Human Rights Law (Executive Law § 292 [21] [a]), here, the petitioner's misconduct was, for the most part, not alcohol-related and his termination was motivated by legitimate nondiscriminatory reasons (see, Matter of McEniry v Landi, 84 NY2d 554). Mangano, P. J., Bracken, Rosenblatt and Miller, JJ., concur.