■ In the Matter of KENNETH CORTES et al., Respondents, v COUNTY OF NASSAU et al., Appellants. [670 NYS2d 509] —In a hybrid proceeding pursuant to CPLR article 78, *inter alia,* to prohibit outside parties, including representatives of the Nassau County District Attorney's Office, from attending disciplinary interviews of the Police Department of the County of Nassau, and an action, *inter alia,* for a judgment declaring that the respondents acted improperly in compelling the petitioner Kenneth Cortes to submit to interrogation without the benefit of legal counsel or union representation, (1) the County of Nassau and the Police Department of the County of Nassau appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Goldstein, J.), entered January 31, 1997, as granted the petition to the extent of declaring that they are required, when interviewing members of the Police Benevolent Association of the Police Department of the County of Nassau as part of an Internal Affairs Unit investigation, to formally notify witnesses who are not represented by counsel that they are afforded use immunity, and (2) the Nassau County District Attorney's Office appeals from so much of the same judgment as granted the petition to the extent of prohibiting its representatives from attending Police Department of the County of Nassau Internal Affairs Unit interviews of Nassau County Police Officers, unless the officer is permitted to have an attorney or union representative present.

Ordered that the judgment is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, and the petition is dismissed in its entirety.

The petitioner Kenneth Cortes is a Nassau County Police Officer who was directed to appear for an interview with the Police Department of the County of Nassau Internal Affairs Unit (hereinafter Internal Affairs). Although Cortes had previously refused a request to be interviewed by the Nassau County District Attorney's Office, an Assistant District Attorney was present at the Internal Affairs interview. However, the officer's union representative was excluded from the interview. Before questioning, Cortes was advised that he had been called as a

witness and was not a target of the Internal Affairs investigation. Cortes was also informed that he was entitled to use immunity, and that his statements could not be used against him in a criminal proceeding.

Officer Cortes and the Nassau County Police Benevolent Association subsequently commenced this hybrid proceeding and action. The Supreme Court concluded that Cortes had been prejudiced by the presence of the Assistant District Attorney at the Internal Affairs interview, and, *inter alia*, directed that in the future, representatives of the District Attorney's Office could not attend interviews of police officer witnesses unless the officer is permitted to have either an attorney or a union official present.

On appeal, the Nassau County District Attorney's Office contends that the Supreme Court erred in prohibiting its representatives from attending Internal Affairs interviews of police officers who are not represented by counsel or a union official. We agree. The subject collective bargaining agreement does not grant the right to counsel to an officer who is directed to appear before the Internal Affairs Unit as a witness, and does not prohibit a member of the District Attorney's Office from being present at witness interviews. Furthermore, the presence of an Assistant District Attorney at an Internal Affairs interview does not violate a witness's statutory right to transactional immunity, which is triggered only when the witness is compelled to testify before a Grand Jury (*see,* CPL 190.40). Although transactional immunity affords a witness broader protection than use immunity, it is not constitutionally required, and the use immunity afforded to Officer Cortes at the departmental interview was sufficient to compel testimony over a claim of the privilege against self-incrimination (*see, Kastigar v United States,* 406 US 441, 453). It is also significant to note that while statements made by an officer during an Internal Affairs interview may not be used against him or her in a criminal proceeding, the Police Department is not prohibited from sharing information obtained from such an interview with the District Attorney's Office. Considering these factors, we find that an officer's rights are not violated by the presence of a representative of the District Attorney's Office during questioning about possible misconduct by another member of the force.

The Supreme Court also erred in directing the Nassau County Police Department, in future cases, to formally advise officers who are not represented by counsel at Internal Affairs interviews that they are entitled to use immunity. While it is

undisputed that officers compelled to appear at Internal Affairs interviews are automatically afforded use immunity by operation of law, no due process right to formal notification of this right is implied by the Court of Appeals' decision in *Matter of Matt v LaRocca* (71 NY2d 154, *cert denied* 486 US 1007). Mangano, P. J., Bracken, Miller and Krausman, JJ., concur.