■ In the Matter of ARTHUR LAURIA, Petitioner, v COUNTY OF DUTCHESS, Respondent. [761 NYS2d 860] —Proceeding pursuant to CPLR article 78 to review a determination of the Dutchess County Commissioner of Public Works dated June 12, 2002, which, upon adopting the recommendation of a hearing officer, made after a hearing, finding the petitioner guilty of misconduct, terminated his employment as a building maintenance mechanic III.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Contrary to the petitioner's contentions, the record contains substantial evidence to support the finding of misconduct against him (*see Matter of Toth v Nassau County Police Dept.*, 302 AD2d 600 [2003]; *Matter of Colon v Crew*, 278 AD2d 234 [2000]; *Matter of Hickman v Poughkeepsie City School Dist.*, 237 AD2d 289 [1997]). By his own admission, the petitioner attempted to bypass a locked door to gain access to equipment he was not authorized to use. In so doing, the petitioner broke through a wall. While the petitioner claims that the destruction of the wall was accidental, there was ample evidence supporting the conclusion that the petitioner intentionally cut through the wall. It is well settled that a reviewing court may not weigh the evidence or reject the credibility determination made by the Hearing Officer where, as here, there is conflicting evidence and room for choice exists (*see Matter of Berenhaus v Ward*, 70 NY2d 436 [1987]; *Matter of Silberfarb v Board of Coop. Educ. Servs.*, 60 NY2d 979 [1983]). Moreover, in light of the petitioner's past disciplinary record, the penalty of dismissal is not shocking to one's sense of fairness (*see Matter of Scharf v Levittown Union Free School Dist.*, 294 AD2d 508 [2002]; *Matter of Carcaramo v County of Dutchess*, 277 AD2d 224 [2000]; *see also Matter of Pawlowski v North Brooklyn Health Network*, 299 AD2d 156 [2002]; *Matter of Martinez v City of New York*, 281 AD2d 187 [2001]). Ritter, J.P., S. Miller, Luciano and H. Miller, JJ., concur.