■ In the Matter of Neil Johnson, Petitioner, v Raymond W. Kelly, as Police Commissioner of the City of New York, et al., Respondents. [767 NYS2d 625]—

Determination of respondent Police Commissioner, dated June 11, 2002, which found petitioner guilty of specified misconduct and dismissed him from his position as a police officer, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Paula Omansky, J.], entered January 16, 2003) dismissed, without prejudice to any application, if necessary, for back pay for petitioner's period of suspension in excess of 30 days, without costs.

There is substantial evidence to support the finding that petitioner left the scene of an accident he caused, made misleading statements to shield his involvement, and filed a false complaint report. There is no basis for disturbing the Hearing Officer's determinations concerning credibility (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]). Notwithstanding petitioner's otherwise unblemished record, the penalty of dismissal does not shock our sense of fairness in view of the gravity of the misconduct (*see Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]).

Respondents have conceded that petitioner is entitled to back pay for the period of time that he was suspended in excess of 30 days, and that the issue will be resolved by stipulation. Concur—Nardelli, J.P., Mazzarelli, Andrias and Williams, JJ.