■ In the Matter of EVELINA JONES, Petitioner, v KEVIN P. MAHON et al., Respondents. [783 NYS2d 295]—

Proceeding pursuant to CPLR article 78 to review a determination of the Westchester County Department of Social Services dated June 21, 2002, which, upon the finding of a hearing officer, made after a hearing, that the petitioner was guilty of misconduct, terminated her employment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner pleaded guilty to submitting false information to qualify for federally subsidized housing. Citing the plea of guilty, her employer, the Westchester County Department of Social Services, charged her with misconduct. Following a hearing, her employment as an eligibility claims examiner was terminated.

The review of administrative decisions in employee disciplinary cases is limited to a consideration of whether the determination was supported by substantial evidence (*see* CPLR 7803 [4]; *Matter of Pell v Board of Educ.*, 34 NY2d 222 [1974]). Here, the determination of misconduct was supported by substantial evidence including, inter alia, the petitioner's plea of guilty to making false statements in violation of 18 USC § 1001 (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]; *Matter of Lauria v County of Dutchess*, 306 AD2d 532 [2003]; *Matter of Curto v Cosgrove*, 256 AD2d 407 [1998]; *Matter of Hy-Tech Coatings v New York State Dept. of Labor*, 226 AD2d 378, 379 [1996]).

The disciplinary penalty imposed was a provident exercise of discretion (*see Matter of Featherstone v Franco*, 95 NY2d 550 [2000]; *Matter of Pell v Board of Educ., supra; Matter of Pryor v O'Donnell*, 291 AD2d 502 [2002]; *Matter of Giordano v Brown*, 182 AD2d 582 [1992]; *Matter of Moorehead v Langloh*, 146 AD2d 777 [1989]). Ritter, J.P., H. Miller, Cozier and Skelos, JJ., concur.