■ In the Matter of CHRISTIAN WAUGH, Appellant, v NEW YORK CITY FIRE DEPARTMENT, Respondent. [826 NYS2d 13]—

Order and judgment (one paper), Supreme Court, New York County (Karen S. Smith, J.), entered December 20, 2005, which denied the petition and dismissed the proceeding, brought pursuant to CPLR article 78, to annul a determination of respondent New York City Fire Department, dated December 2, 2004, finding petitioner guilty of various disciplinary infractions and terminating his employment as a firefighter, unanimously affirmed, without costs.

The use immunity afforded petitioner at a departmental interview investigating possible criminal activity was sufficient to protect his state and federal constitutional rights against self-incrimination (*see People v Corrigan*, 80 NY2d 326, 329 [1992]; *Matter of Matt v Larocca*, 71 NY2d 154, 159-160 [1987], *cert denied* 486 US 1007 [1988]); transactional immunity was not required (*Matter of Cortes v County of Nassau*, 248 AD2d 616, 617 [1998]). Petitioner's refusal to answer any questions even when afforded use immunity subjected him to the penalty of dismissal (*Matter of Matt v Larocca, supra*).

Notwithstanding petitioner's prior unblemished 10-year record, the penalty imposed does not shock our sense of fairness (*see Matter of Kelly v Safir*, 96 NY2d 32 [2001]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 237 [1974]). Petitioner's refusal to cooperate, even when afforded use immunity and informed that he was subject to dismissal for failing to cooperate, frustrated an investigation of serious charges of criminal activity implicating the integrity of respondent Fire Department. Concur—Andrias, J.P., Friedman, Sullivan, Nardelli and Malone, JJ.