■ In the Matter of KIMBERLY ISAKSSON-WILDER, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [841 NYS2d 658]—

Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Division of Human Rights dated September 23, 2005, which adopted the recommendation and findings of an Administrative Law Judge dated January 21, 2004, made after a hearing, finding no discriminatory practice, and dismissed the petitioner's administrative complaint.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs to the respondent Connetquot Central School District of Islip.

The petitioner filed a complaint with the New York State Division of Human Rights, pursuant to Executive Law § 297 (1), charging Connetquot Central School District of Islip (hereinafter the school district) with an unlawful discriminatory practice in violation of Executive Law § 296 (1) (a) for allegedly refusing to hire her on the basis of her mental disability. In a CPLR article 78 proceeding to review a determination of an administrative agency, made after a hearing at which evidence was taken, pursuant to direction of law, the agency's decision must be upheld if it is supported by substantial evidence (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 230-231 [1974]). Substantial evidence in the record supports the finding of the New York State Division of Human Rights (hereinafter the SDHR) that the individuals responsible for hiring teachers at the school district were unaware that the petitioner was disabled, and that they did not perceive her to be disabled. Although the petitioner challenges the SDHR's determination based on conflicting witness testimony at the hearing, "it is the function of the administrative agency, not the reviewing court, to weigh the evidence or assess the credibility of the witnesses" (*Matter of Curto v Cosgrove,* 256 AD2d 407, 408 [1998]).

The petitioner's remaining contentions are without merit or are improperly raised for the first time in this proceeding, and thus not properly before the Court (*see Matter of All County Ready Mix Corp. v Martinez,* 23AD3d 554 [2005]). Spolzino, J.P., Skelos, Lifson and Balkin, JJ., concur.