In the Matter of RODDERICK MORRIS, Petitioner, v LOUIS J. CALDERONE, Respondent. [854 NYS2d 189]—

The respondent terminated the petitioner's employment, effective August 28, 2006, after a disciplinary hearing pursuant to

Civil Service Law § 75. The hearing officer found the petitioner guilty of four specifications of misconduct relating to insubordination and unauthorized absences, and recommended termination. The petitioner commenced this CPLR article 78 proceeding challenging his termination, contending that the findings of guilt were not supported by substantial evidence and that the penalty imposed was overly harsh. We disagree and accordingly dismiss the proceeding.

To annul an administrative determination made after a hearing, a court must conclude that the determination is not supported by substantial evidence (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 231 [1974]; *Matter of Isaksson-Wilder v New York State Div. of Human Rights,* 43 AD3d 921, 922 [2007]). The petitioner's contention that the determination is not supported by substantial evidence is without merit. The testimony of the respondent's two witnesses, and other documents admitted into evidence, established the facts necessary to sustain the charges. The hearing officer, before whom all the witnesses appeared, credited the testimony of the respondent's witnesses and not the testimony of the petitioner and his witness. A reviewing court may not weigh the evidence or reject the choice made by the hearing officer where there is conflicting evidence and room for choice exists (*see Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444 [1987]; *Matter of Collins v Codd,* 38 NY2d 269, 270-271 [1976]).

Further, the penalty imposed was not so disproportionate to the offenses committed as to be shocking to one's sense of fairness (*see Matter of Turner v Simpson,* 60 NY2d 959, 961 [1983]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d at 233).

The petitioner's remaining contentions are without merit. Fisher, J.P., Dillon, McCarthy and Belen, JJ., concur.