■ In the Matter of LISA JENKINS, Petitioner, v MICHAEL D. ISRAEL et al., Respondents. [921 NYS2d 546]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Westchester Medical Center dated September 7, 2010, which adopted so much of the decision of a hearing officer, made after a hearing pursuant to Civil Service Law § 75, as found the petitioner guilty of insubordination and misconduct, and terminated her employment as a nursing aide.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed, with costs.

The "Appellate Division's fact-review powers of an administrative agency determination are limited to whether substantial evidence supports the determination" (Matter of Kelly v Safir, 96 NY2d 32, 38 [2001]). Here, there is substantial evidence in the record to support the determination of the respondent Westchester Medical Center (hereinafter the hospital) that the petitioner committed insubordination and misconduct (see Matter of Kelly v Safir, 96 NY2d 32 [2001]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176 [1978]; Matter of Roth v Manhasset Union Free School Dist., 60 AD3d 771 [2009]). Moreover, we cannot conclude that the penalty of dismissal imposed by the hospital was "so disproportionate to the offense as to be shocking to one's sense of fairness" so as to constitute an abuse of discretion as a matter of law (Matter of Kelly v Safir, 96 NY2d at 38; see Matter of Roth v Manhasset

*Union Free School Dist.,* 60 AD3d 771 [2009]; *compare Matter of DeStefano v Board of Coop. Educ. Servs. of Nassau County,* 26 AD3d 433, 434 [2006]). Covello, J.P., Angiolillo, Dickerson and Hall, JJ., concur.