■ In the Matter of Joy JEFFERY, Petitioner, v MICHAEL D. ISRAEL et al., Respondents. [970 NYS2d 460]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Westchester Medical Center, dated January 12, 2012, which adopted in part and rejected in part the recommendation of a hearing officer, made after a hearing pursuant to Civil Service Law § 75, finding the petitioner guilty of misconduct and/or incompetence, and terminated her employment as a Senior Nursing Aide.

Adjudged that the determination is confirmed, the petition is

denied, and the proceeding is dismissed on the merits, with costs.

The review of administrative determinations in employee disciplinary cases made after a hearing pursuant to Civil Service Law § 75 is limited to a consideration of whether the determination was supported by substantial evidence (*see* CPLR 7803 [4]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180 [1978]; *Matter of Jenkins v Israel*, 83 AD3d 1068 [2011]; *Matter of Smith v Carter*, 61 AD3d 982 [2009]). Here, while much of the evidence the respondents offered was hearsay, this evidence, in conjunction with the nonhearsay evidence, constituted substantial evidence sufficient to support the determination that the petitioner was guilty of the three charges brought against her (*see Matter of Jenkins v Israel*, 83 AD3d at 1068; *see also Matter of Gray v Adduci*, 73 NY2d 741, 742 [1988]; *Matter of Bullock v State of N.Y. Dept. of Social Servs.*, 248 AD2d 380, 382 [1998]).

Under the circumstances presented, the penalty of termination of the petitioner's employment was not so disproportionate to the offense committed as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]; *Matter of Jenkins v Israel*, 83 AD3d at 1068; *Matter of James v Carter*, 209 AD2d 522 [1994]). Eng, P.J., Balkin, Roman and Miller, JJ., concur.