■ In the Matter of Michael Argenti, Petitioner, v Town of Riverhead et al., Respondents. [16 NYS3d 470]—Proceeding

pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Riverhead dated July 17, 2012, which adopted in part and rejected in part the recommendation of a hearing officer, made after a hearing pursuant to Civil Service Law § 75, finding the petitioner guilty of two charges of misconduct and/or insubordination, and terminated the petitioner's employment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with one bill of costs to the respondents appearing separately and filing separate briefs.

Our review of an administrative determination in an employee disciplinary case made after a hearing pursuant to Civil Service Law § 75 is limited to considering whether the determination was supported by substantial evidence (*see Matter of Jeffery v Israel*, 109 AD3d 543, 544 [2013]; *Matter of Guidarelli v Israel*, 105 AD3d 739, 740 [2013]). Here, the determination of the Town Board of the Town of Riverhead that the petitioner was guilty of two charges of misconduct and/or insubordination was supported by substantial evidence (*see Matter of Jeffery v Israel*, 109 AD3d at 544).

We may set aside an administrative penalty only if it " 'is so disproportionate to the offense as to be shocking to one's sense of fairness,' thus constituting an abuse of discretion as a matter of law" (*Matter of Waldren v Town of Islip*, 6 NY3d 735, 736 [2005], quoting *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 237 [1974]; *see Matter of Guidarelli v Israel*, 105 AD3d at 740). Here, the penalty of dismissal is not so disproportionate to the offenses as to be shocking to one's sense of fairness (*see Matter of Jeffery v Israel*, 109 AD3d at 544; *Matter of Guidarelli v Israel*, 105 AD3d at 740), especially in light of the petitioner's prior disciplinary record. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.