■ In the Matter of CARLETON PETERSON, Respondent, v CITY OF POUGHKEEPSIE, Appellant. [17 NYS3d 174]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of Ronald J. Knapp, as Acting City Administrator of the City of Poughkeepsie, dated February 14, 2013, which, upon concluding that the petitioner engaged in misconduct, terminated the petitioner's employment as a street supervisor for the City of Poughkeepsie Department of Public Works, the City of Poughkeepsie appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated August 13, 2013, as granted that branch of the petition which was to annul the determination terminating the petitioner's employment, and remitted the matter to the City of Poughkeepsie for a new hearing on the issue of the imposition of a lesser penalty and a new discretionary determination thereafter.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the petition which was to annul the determination terminating the petitioner's employment is denied; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The petitioner, a street supervisor for the City of Poughkeepsie Department of Public Works, was found guilty, after a disciplinary hearing, of three charges of misconduct, which included, inter alia, falsifying his time records. As a consequence, the Acting City Administrator terminated the petitioner's employment.

Following his termination, the petitioner commenced a proceeding pursuant to CPLR article 78, inter alia, to review the Acting City Administrator's determination. In a decision, order, and judgment dated October 3, 2012, this Court granted the petition to the extent of annulling the finding of guilt with respect to certain charges, dismissing those charges, and annulling the penalty imposed, and remitted the matter to the City for a new determination as to the penalty to be imposed in connection with the charges that were sustained (see Matter of Peterson v City of Poughkeepsie, 99 AD3d 714 [2012]). Upon remittal, the Acting City Administrator, after a new hearing, again terminated the petitioner's employment. The petitioner commenced this CPLR article 78 proceeding, among other things, to review that determination. The Supreme Court granted that branch of the petition which was to annul the determination terminating the petitioner's employment, and remitted the matter to the City for a new hearing on the issue of the imposition of a lesser penalty and a new determination thereafter. The City appeals.

Judicial review of an administrative penalty is limited to whether the mode of penalty or discipline imposed constitutes an abuse of discretion as a matter of law (see Matter of Kelly v Safir, 96 NY2d 32, 38 [2001]). A court may only set aside an administrative agency's determination if the punishment or discipline imposed is "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness," thus constituting an abuse of discretion as a matter of law (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974] [internal quotation marks omitted]). Under the circumstances of this case, where the petitioner was found guilty, inter alia, of having submitted a falsified time sheet, the penalty of dismissal from employment was not so disproportionate to the offenses as to be shocking to one's sense of fairness (see id. at 236-240; Matter of Gustafson v Town of N. Castle, N.Y., 45 AD3d 766 [2007]; Matter of Hickman v Poughkeepsie City School Dist., 237 AD2d 289 [1997]; Matter of Lorenzo v Board of Educ. of Half Hollow Hills Cent.

*School Dist.*, 104 AD2d 621, 621-622 [1984]). Accordingly, the Supreme Court should have denied that branch of the petition which was to annul the Acting City Administrator's determination terminating the petitioner's employment. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.