■ In the Matter of RICHARD SASSI II, Petitioner, v CITY OF BEACON, Respondent. [44 NYS3d 91]—

Proceeding pursuant to CPLR article 78 to review a determination of the Mayor of the City of Beacon dated March 10, 2014, which adopted the findings and recommendation of a hearing officer, made after a hearing pursuant to Civil Service Law § 75, finding the petitioner guilty of certain charges of misconduct and incompetence, and terminated the petitioner's employment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Following a disciplinary hearing pursuant to Civil Service Law § 75, a hearing officer found the petitioner guilty of certain charges of misconduct and incompetence, and recommended termination of the petitioner's employment as a detective

sergeant. The Mayor of the City of Beacon adopted the findings and recommendation of the hearing officer and terminated the petitioner's employment. Subsequently, the petitioner commenced this proceeding pursuant to CPLR article 78 to challenge his termination.

"[Judicial] review of an administrative determination in an employee disciplinary case made after a hearing pursuant to Civil Service Law § 75 is limited to considering whether the determination was supported by substantial evidence" (*Matter of Argenti v Town of Riverhead*, 131 AD3d 1053, 1054 [2015]; *see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180 [1978]). Here, contrary to the petitioner's contention, the determination of the Mayor of the City of Beacon that the petitioner was guilty of the misconduct alleged in specifications five, six, seven, and ten of charge one was supported by substantial evidence (*see Matter of Bermel v Walcott*, 112 AD3d 619, 620 [2013]; *Matter of Morris v Calderone*, 49 AD3d 741, 742 [2008]).

Contrary to the petitioner's further contention, the determination that he was guilty of misconduct and incompetence as a result of his statements, including a concededly false statement, made to the Chief of Police of the City of Beacon in response to a request for an account of the subject incident, as alleged in specifications thirteen, fourteen, and fifteen of charge one and specifications eight, nine, and ten of charge two, did not violate his constitutional privilege against self-incrimination. The privilege against self-incrimination was not a bar to the disciplinary charges because the petitioner was not required to waive his immunity with respect to the use of the statements in a criminal proceeding (*see Gardner v Broderick*, 392 US 273, 278 [1968]; *Matter of Matt v Larocca*, 71 NY2d 154, 159-162 [1987]; *Matter of Eck v County of Delaware*, 36 AD3d 1180, 1182 [2007]; *see also Matter of Cortes v County of Nassau*, 248 AD2d 616, 617-618 [1998]). Moreover, "neither the text nor the spirit of the Fifth Amendment confers a privilege to lie" (*Brogan v United States*, 522 US 398, 404 [1998]; *see Matter of Mathis [Commissioner of Labor]*, 110 AD3d 1412 [2013]).

A court "may set aside an administrative penalty only if it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (*Matter of Argenti v Town of Riverhead*, 131 AD3d at 1054 [internal quotation marks omitted]; *see Matter of Waldren v Town of Islip*, 6 NY3d 735, 736 [2005]; *Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]). Here, the penalty of

dismissal is not so disproportionate to the offenses as to be shocking to one's sense of fairness (*see Matter of Peterson v City of Poughkeepsie*, 131 AD3d 1250, 1251 [2015]; *Matter of Ward v Juettner*, 63 AD3d 748, 748-749 [2009]).

The petitioner's remaining contentions are either without merit or not properly before this Court (*see Matter of Bottom v Annucci*, 26 NY3d 983, 985 [2015]; *Matter of Khan v New York State Dept. of Health*, 96 NY2d 879, 880 [2001]). Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.