Matter of Harris v City of Poughkeepsie (2018 NY Slip Op 03977)





Matter of Harris v City of Poughkeepsie


2018 NY Slip Op 03977


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-04396
 (Index No. 253/16)

[*1]In the Matter of Howard Harris, petitioner, 
v
City of Poughkeepsie, et al., respondents.


O'Neil & Burke, LLP, Poughkeepsie, NY (William J. Burke of counsel), for petitioner.
McCabe and Mack, LLP, Poughkeepsie, NY (Andrea L. Gellen of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the City Administrator of the respondent City of Poughkeepsie dated October 22, 2015. The determination adopted the findings of a hearing officer, made after a hearing pursuant to Civil Service Law § 75, that the petitioner was guilty of certain charges of misconduct and terminated the petitioner's employment as a sanitation worker.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner, a sanitation worker employed by the respondent City of Poughkeepsie Department of Public Works, was assigned, with other crew members, to perform an abatement at a property located within the respondent City of Poughkeepsie. The abatement consisted of removing trash and debris from the exterior of the subject property. Although there was a house on the property, the work assignment pertained only to an abatement of the exterior of the property, and the petitioner and the other crew members were not authorized by their supervisor to enter the house.
At a disciplinary hearing held pursuant to Civil Service Law § 75, the petitioner testified that during the work assignment, two of his fellow crew members "started messing with the window." One crew member entered the house through the window and then opened the door of the house, through which the petitioner and other crew members entered. According to the petitioner, once he and the other crew members were in the house, they began "shopping" for items which might be of value to them. The petitioner removed a bicycle from inside the house and placed it outside. One of the crew members started to move a television, but, upon hearing noises from the upstairs of the house, the petitioner and the crew members exited the house. The police were notified and when they came, the crew members learned that there were people in the house. The crew members finished the abatement and thereafter left the property; the petitioner did not remove the bicycle from the property.
Thereafter, the petitioner was charged by the City with several acts of misconduct in connection with the incident. Following the disciplinary hearing, the hearing officer determined that the petitioner was guilty of the first and second charges; specifically, for entering the house without authority and removing property that did not belong to him from the house. The hearing officer recommended a two-month suspension without pay as the discipline to be imposed. The City Administrator accepted the hearing officer's findings as to guilt, but determined that the petitioner's misconduct constituted acts of moral turpitude, rose to the level of criminality, and constituted a [*2]breach of the public trust. Accordingly, the City Administrator terminated the petitioner's employment. The petitioner commenced this CPLR article 78 proceeding, contesting both the finding of guilt and the penalty imposed by the City Administrator.
Judicial review of an administrative determination in an employee disciplinary case made after a section 75 hearing is limited to considering whether the determination was supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-180; Matter of Sassi v City of Beacon, 145 AD3d 789, 790; Matter of Argenti v Town of Riverhead, 131 AD3d 1053, 1054). Here, the determination of the City Administrator that the petitioner was guilty of the misconduct alleged in charges one and two was supported by substantial evidence (see Matter of Sassi v City of Beacon, 145 AD3d at 790; Matter of Bermel v Walcott, 112 AD3d 619, 620; Matter of Morris v Calderone, 49 AD3d 741, 742). The petitioner's own testimony established that he knew he was not supposed to be in the house and that he removed a bicycle from the house knowing that the bicycle did not belong to him.
A court may set aside an administrative penalty only if it is so disproportionate to the offense as to be shocking to one's sense of fairness (see Matter of Waldren v Town of Islip, 6 NY3d 735, 736; Matter of Sassi v City of Beacon, 145 AD3d at 790). " That reasonable minds might disagree over what the proper penalty should have been does not provide a basis for . . . refashioning the penalty'" (Matter of Bolt v New York City Dept. of Educ., 30 NY3d 1065, 1068, quoting City School Dist. of the City of N.Y. v McGraham, 17 NY3d 917, 920). A penalty should not be set aside where it is not irrational and does not shock the conscience (see Matter of Bolt v New York City Dept. of Educ., 30 NY3d at 1068). Here, the penalty of dismissal is not irrational and does not shock the conscience (see id.; Matter of Peterson v City of Poughkeepsie, 131 AD3d 1250, 1251; Matter of Ward v Juettner, 63 AD3d 748, 748-749; Matter of Johnson v Kelly, 2 AD3d 155, 156).
Accordingly, the determination was proper.
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court