Matter of Buccieri v County of Westchester (2018 NY Slip Op 07305)





Matter of Buccieri v County of Westchester


2018 NY Slip Op 07305


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-08940
 (Index No. 1694/16)

[*1]In the Matter of Lori Buccieri, petitioner, 
v
County of Westchester, et al., respondents.


Lori Buccieri, Brewster, NY, petitioner pro se.
John M. Nonna, County Attorney, White Plains, NY (James Castro-Blanco and Allison E. Burke of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78, in effect, to review a determination of the Second Deputy Commissioner of the Westchester County Department of Human Resources, as designated agent of the Commissioner of the Westchester County Department of Parks, Recreation and Conservation dated December 4, 2015. The determination adopted the recommendation of a hearing officer dated June 13, 2013, made after a hearing, finding the petitioner guilty of misconduct and/or incompetence, and suspending her employment for a period of 30 days without pay.
ADJUDGED that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the determination dated December 4, 2015, as found the petitioner guilty of specifications 3, 11, and 12 is annulled, those specifications are dismissed, the petition is otherwise denied, the determination is otherwise confirmed, and the proceeding is otherwise dismissed on the merits.
The Westchester County Department of Parks, Recreation and Conservation (hereinafter the Parks Department) commenced a disciplinary proceeding against the petitioner pursuant to Civil Service Law § 75, charging her with 22 specifications of misconduct and/or incompetence. Pending hearing and determination of the charges, the Commissioner of the Parks Department (hereinafter the Commissioner) suspended the petitioner's employment without pay for a period of 30 days. Following a disciplinary hearing, a hearing officer recommended that the petitioner be found guilty of all 22 specifications of misconduct and/or incompetence, and that the petitioner's employment be suspended for a period of 30 days without pay. The Commissioner adopted the hearing officer's findings and recommendation.
The petitioner commenced a proceeding pursuant to CPLR article 78 to review the Commissioner's determination, arguing that the Commissioner was not a qualified decision maker. In a judgment dated September 30, 2014, the Supreme Court found that the Commissioner had actively participated in the underlying events leading up to the disciplinary proceeding, and held that the Commissioner should have recused herself from reviewing the hearing officer's recommendation and rendering a final determination. As a result, the court granted the petition and remitted the matter to the Parks Department to appoint a duly qualified, impartial decision maker to review the hearing officer's recommendation and to render a new determination. The Commissioner appointed [*2]the Second Deputy Commissioner of the Westchester County Department of Human Resources (hereinafter the Second Deputy Commissioner) to review the hearing officer's findings and recommendation and to render a new final determination, including what penalty, if any, should be imposed.
On December 4, 2011, the Second Deputy Commissioner adopted the findings and recommendation of the hearing officer, including that the petitioner's employment be suspended for a period of 30 days without pay. In a letter to the petitioner dated December 11, 2015, the Commissioner imposed the penalty of a 30-day suspension without pay. The Commissioner noted in the letter that the penalty "was served" by the petitioner in March through April of 2011 when the Commissioner suspended the petitioner's employment without pay for 30 days pending the hearing and determination of the charges. The petitioner subsequently commenced this proceeding pursuant to CPLR article 78, in effect, to review the Second Deputy Commissioner's determination.
"[Judicial] review of an administrative determination in an employee disciplinary case made after a hearing pursuant to Civil Service Law § 75 is limited to considering whether the determination was supported by substantial evidence" (Matter of Argenti v Town of Riverhead, 131 AD3d 1053, 1054; see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-180; Matter of Sassi v City of Beacon, 145 AD3d 789, 790). Upon our review of the record, we find that the Second Deputy Commissioner's determination that the petitioner was guilty of the misconduct and/or incompetence alleged in specifications 1, 2, 4, 5, 6, 7, 8, 9, 10, 13, 14, 15, 16, 17, 18, 19, 20, 21, and 22 was supported by substantial evidence. " [I]t is the function of the administrative agency or the Hearing Officer, not the reviewing court, to weigh the evidence or assess the credibility of witnesses and determine which testimony to accept and which to reject'" (Matter of Roth v Manhasset Union Free School Dist., 60 AD3d 771, 772-773, quoting Matter of Duda v Bd. of Educ. of Uniondale Union Free School Dist., 34 AD3d 580, 581). However, specification 3, which charged the petitioner with refusing to answer questions from her supervisor relating to her duties on April 30, 2010, is unsupported by substantial evidence because the record demonstrated that the petitioner answered her supervisor's questions. Additionally, specifications 11 and 12, which charged the petitioner with failing to cover the front desk on August 9, 2010, were unsupported by substantial evidence because the record demonstrated that the petitioner covered the front desk on August 9, 2010, until her supervisor sent her home.
A court "may set aside an administrative penalty only if it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (Matter of Argenti v Town of Riverhead, 131 AD3d at 1054 [internal quotation marks omitted]; see Matter of Waldren v Town of Islip, 6 NY3d 735, 736; Matter of Kelly v Safir, 96 NY2d 32, 38). Here, although specifications 3, 11, and 12 were not supported by substantial evidence, the penalty of a 30-day suspension from employment without pay upon a finding that the petitioner was guilty of the remaining 19 specifications that were supported by substantial evidence was not so disproportionate to the offenses as to be shocking to one's sense of fairness (see Matter of Levi v Lauro, 58 AD3d 851).
The petitioner's remaining contentions are either without merit or not properly before this Court.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court