Matter of Thomas v Town of Southeast, N.Y. (2019 NY Slip Op 00446)





Matter of Thomas v Town of Southeast, N.Y.


2019 NY Slip Op 00446


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-10980
 (Index No. 457/16)

[*1]In the Matter of Timothy Thomas, petitioner,
v
Town of Southeast, New York, respondent.


Wolin & Wolin, Jericho, NY (Alan E. Wolin of counsel), for petitioner.
Gaines, Novick, Ponzini, Cossu & Venditti, LLP, White Plains, NY (Denise M. Cossu and James A. Randazzo of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the respondent, Town of Southeast, New York, dated December 11, 2015. The determination adopted the findings of a hearing officer dated December 8, 2015, made after a hearing pursuant to Civil Service Law § 75, that the petitioner was guilty of certain charges of misconduct, and terminated the petitioner's employment as a road maintenance equipment operator.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner was employed by the Highway Department (hereinafter the highway department) of the respondent, the Town of Southeast, New York, as a road maintenance equipment operator. The petitioner was accused of committing various acts of misconduct over the course of approximately 10 months from March 2014 through January 2015. The allegations included multiple instances of disobeying the orders of a superior, including one instance in which the petitioner's failure to follow the directions of the highway department Superintendent (hereinafter the superintendent) allegedly placed the petitioner, a coworker, and the general public in danger; being absent from work for two days without obtaining prior approval; and threatening and physically confronting the superintendent on January 16, 2015, in the garage of the highway department.
The petitioner was charged with 12 counts of misconduct. At an administrative hearing, the petitioner denied the charges alleged. The superintendent and multiple highway department employees testified, and camera surveillance footage, as well as audio recorded by the petitioner, were admitted as evidence. At the conclusion of the hearing, the hearing officer found the petitioner guilty of charges 4, 5, 6, 8, 11, and 12. He recommended termination of the petitioner's employment given the nature of the incidents, the petitioner's lack of credibility and lack of remorse, and his previous disciplinary suspension of five days for harassing a co-worker and improper performance of his duties, as well as previous reprimands. The Town Board adopted the hearing officer's report and recommendation and terminated the petitioner's employment. The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to review the Town's determination.
In an employee disciplinary case, judicial review of factual findings made after a hearing pursuant to Civil Service Law § 75 is limited to consideration of whether that determination [*2]was supported by substantial evidence (see CPLR 7803[4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-180; Matter of Owens v County of Dutchess, 162 AD3d 1040, 1041; Matter of Harris v City of Poughkeepsie, 162 AD3d 663, 665; Matter of Argenti v Town of Riverhead, 131 AD3d 1053, 1054). "When there is conflicting evidence or different inferences may be drawn, the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists'" (Matter of Grimaldi v Gough, 114 AD3d 679, 680, quoting Matter of Berenhaus v Ward, 70 NY2d 436, 444). Here, any credibility issues were resolved by the hearing officer (see Matter of Reed v Raynor, 151 AD3d 730, 730), and substantial evidence in the record supports the determination that the petitioner was guilty of the misconduct alleged in charges 4, 5, 6, 8, 11, and 12 (see Matter of Owens v County of Dutchess, 162 AD3d at1041; Matter of Harris v City of Poughkeepsie, 162 AD3d at 665).
A court may set aside an administrative penalty only if it is so disproportionate to the offense as to be shocking to one's sense of fairness (see Matter of Walden v Town of Islip, 6 NY3d 735, 736; Matter of Harris v City of Poughkeepsie,162 AD3d at 665). "That reasonable minds might disagree over what the proper penalty should have been does not provide a basis for . . . refashioning the penalty" (City School Dist. of the City of N.Y. v McGraham, 17 NY3d 917, 920; see Matter of Bolt v New York City Dept. of Educ., 30 NY3d 1065, 1068). Here, the penalty of dismissal is not so disproportionate to the offenses as to be shocking to one's sense of fairness, especially in light of the number of incidents and the petitioner's prior disciplinary record (see Matter of Argenti v Town of Riverhead, 131 AD3d at 1054; Matter of Lauria v County of Dutchess, 306 AD2d 532, 532).
The petitioner's remaining contention is without merit.
SCHEINKMAN, P.J., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court