Matter of Anderson v Board of Educ. of the Oyster Bay-East Norwich Cent. Sch. Dist. (2020 NY Slip Op 04474)





Matter of Anderson v Board of Educ. of the Oyster Bay-East Norwich Cent. Sch. Dist.


2020 NY Slip Op 04474


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
JEFFREY A. COHEN, JJ.


2017-04811
 (Index No. 606445/16)

[*1]In the Matter of Carolyn Anderson, petitioner-respondent,
v
Board of Education of the Oyster Bay-East Norwich Central School District, et al., respondents-appellants, et al., respondents.


Carbonaro Law, P.C., New York, NY (Joseph W. Carbonaro of counsel), for respondents-appellants.
MargolinBesunder LLP, Islandia, NY (Linda U. Margolin and Patricia M. Meisenheimer of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate a determination of a hearing officer pursuant to Education Law § 3020-a, dated August 15, 2016, the Board of Education of the Oyster Bay-East Norwich Central School District and the Oyster Bay-East Norwich Central School District appeal from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered April 21, 2017. The order, insofar as appealed from, granted that branch of the petition which was to vacate the penalty of termination of the petitioner's employment as a tenured teacher with the Oyster Bay-East Norwich Central School District and remitted the matter to the hearing officer for a new penalty determination.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was to vacate the penalty of termination of the petitioner's employment as a tenured teacher with the respondent Oyster Bay-East Norwich Central School District is denied, the arbitration award is reinstated and confirmed, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment (see CPLR 7511[e]; 7514[a]).
In 2015, the petitioner, a tenured teacher employed by the Oyster Bay-East Norwich Central School District, was charged with various instances of misconduct. After a hearing pursuant to Education Law § 3020-a, the hearing officer sustained certain specifications of misconduct, finding that the petitioner was guilty of neglect of duty, conduct unbecoming of a professional, and insubordination. The hearing officer determined that the penalty of termination of employment was appropriate. The petitioner was subsequently terminated from employment.
The petitioner commenced the instant proceeding pursuant to CPLR article 75 to vacate the determination of the hearing officer. The Supreme Court granted that branch of the petition which was to vacate the penalty of termination of the petitioner's employment as a tenured teacher and remitted the matter to the hearing officer for a new penalty determination, and this appeal [*2]ensued.
Education Law § 3020(1) governs the discipline of tenured teachers and provides that "[n]o person enjoying the benefits of tenure shall be disciplined or removed during a term of employment except for just cause" and in accordance with statutory procedures. This statute is the " exclusive method of disciplining a tenured teacher in New York State'" (Matter of Watkins v Board of Educ. of Port Jefferson Union Free School Dist., 26 AD3d 336, 337, quoting TeBordo v Cold Spring Harbor Cent. School Dist., 126 AD2d 542, 542; see Matter of Awaraka v Board of Educ. of City of N.Y., 59 AD3d 442).
A court may set aside an administrative penalty only if it is so disproportionate to the offense as to be shocking to one's sense of fairness (see Matter of Waldren v Town of Islip, 6 NY3d 735, 736; Matter of Harris v City of Poughkeepsie, 162 AD3d 663, 664; Matter of Sassi v City of Beacon, 145 AD3d 789, 790). " That reasonable minds might disagree over what the proper penalty should have been does not provide a basis for . . . refashioning the penalty'" (Matter of Bolt v New York City Dept. of Educ., 30 NY3d 1065, 1068, quoting City School Dist. of the City of N.Y. v McGraham, 17 NY3d 917, 920). A penalty should not be set aside where it is not irrational and does not shock the conscience (see Matter of Bolt v New York City Dept. of Educ., 30 NY3d at 1068). Here, in light of all of the circumstances of this case, the penalty of termination is not irrational and does not shock the conscience (see id.; Matter of Peterson v City of Poughkeepsie, 131 AD3d 1250, 1251; Matter of Ward v Juettner, 63 AD3d 748, 748-749; Matter of Johnson v Kelly, 2 AD3d 155, 156).
The petitioner's contentions that the hearing officer's findings of guilt deprived her of her due process rights are not properly before this Court, as she did not appeal from the Supreme Court's order.
Accordingly, as the Supreme Court should not have granted that branch of the petition which was to vacate the penalty of termination of the petitioner's employment as a tenured teacher, we reinstate and confirm the arbitration award, and remit the matter to the Supreme Court, Nassau County, for the entry of an appropriate judgment (see CPLR 7511[e]; 7514[a]).
SCHEINKMAN, P.J., RIVERA, ROMAN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court