Matter of Nicoletti v New York City Dept. of Educ. (2025 NY Slip Op 04482)

Matter of Nicoletti v New York City Dept. of Educ.

2025 NY Slip Op 04482

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-00936
 (Index No. 85094/23)

[*1]In the Matter of Danylle Nicoletti, appellant,
v
New York City Department of Education, respondent.

Roger Bennet Adler, P.C., New York, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Karin Wolfe of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to vacate a determination of a hearing officer made pursuant to Education Law § 3020-a dated May 4, 2023, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Richmond County (Catherine M. DiDomenico, J.), dated December 22, 2023. The order and judgment granted the motion of the New York City Department of Education to dismiss the petition, denied the petition, and, in effect, dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner was a tenured teacher employed by the New York City Department of Education (hereinafter the DOE). In 2020, the DOE charged the petitioner with various instances of, inter alia, incompetence, misconduct, and neglect of duty during the 2017-2018, 2018-2019, and 2019-2020 school years. Following a hearing pursuant to Education Law § 3020-a, a hearing officer issued a written determination dated May 4, 2023, which sustained most of the specifications alleged by the DOE and recommended the penalty of the termination of the petitioner's employment. The DOE then terminated the petitioner's employment.
The petitioner subsequently commenced this proceeding pursuant to CPLR article 75, among other things, to vacate the determination of the hearing officer, alleging that the arbitration did not conform with Education Law § 3020-a. The DOE moved to dismiss the petition. In an order and judgment dated December 22, 2023, the Supreme Court granted the DOE's motion, denied the petition, and, in effect, dismissed the proceeding. The petitioner appeals.
A court may set aside an administrative penalty only if "it is so disproportionate to the offense as to be shocking to one's sense of fairness" (Matter of Waldren v Town of Islip, 6 NY3d 735, 736 [internal quotation marks omitted]; see Matter of Anderson v Board of Educ. of the Oyster Bay-E. Norwich Cent. Sch. Dist., 186 AD3d 597, 598). "'That reasonable minds might disagree over what the proper penalty should have been does not provide a basis for . . . refashioning the penalty'" (Matter of Bolt v New York City Dept. of Educ., 30 NY3d 1065, 1068, quoting City School Dist. of the City of N.Y. v McGraham, 17 NY3d 917, 920). A penalty should not be set aside where it is not [*2]irrational and does not shock the conscience (see id.; Matter of Anderson v Board of Educ. of the Oyster Bay-E. Norwich Cent. Sch. Dist., 186 AD3d at 598-599). The question of whether the penalty is so disproportionate to the misconduct as to shock the conscience requires a case by case factual analysis (see Matter of Bolt v New York City Dept. of Educ., 30 NY3d at 1071, 1074 [Rivera, J., concurring]; Matter of Featherstone v Franco, 95 NY2d 550, 555). Here, in light of all of the circumstances of this case, the penalty of termination is not irrational and does not shock the conscience (see Matter of Bolt v New York City Dept. of Educ., 30 NY3d at 1071, 1074 [Rivera, J., concurring]; Matter of Anderson v Board of Educ. of the Oyster Bay-E. Norwich Cent. Sch. Dist., 186 AD3d at 599).
The petitioner's remaining contentions that the hearing officer's determination must be vacated because the arbitration did not conform to the procedures set forth in Education Law § 3020-a or in the collective bargaining agreement are waived, as these issues were not raised at the arbitration hearing (see CPLR 7507; 7511[b][1][iv]; Matter of Heller v Bedford Cent. School Dist., 154 AD3d 754, 755; Matter of Powell v Board of Educ. of Westbury Union Free Sch. Dist., 91 AD3d 955, 956).
Accordingly, the Supreme Court properly granted the DOE's motion, denied the petition, and, in effect, dismissed the proceeding.
CONNOLLY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court