■ In the Matter of the CITY OF NEW YORK , Respondent, Relative to Acquiring Title to Real Property for the Marcus Garvey Park Village I, (Stage II) Urban Renewal Project (portions of the Marcus Garvey Park Village Urban Renewal Project), in the Borough of Brooklyn. SEVENTH REHAB. CORP., Appellant.—Fifth separate and partial final decree of the Supreme Court, Kings County, entered November 4, 1974, affirmed insofar as appealed from, with costs. On the record presented the award of $9,500 for claimant's vacant land was proper. Cohalan, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.

■ In the Matter of JUDITH EBNER, Petitioner, v BOARD OF EDUCATION OF EAST WILLISTON UNION FREE SCHOOL DISTRICT No. 2, NORTH HEMPSTEAD, Respondent.—Proceeding pursuant to CPLR article 78 *inter alia* to review respondent's determination, dated November 11, 1974, which, after a hearing, terminated petitioner's employment as a teacher. Petition granted to the extent that the determination is modified, on the law, by reducing the punishment to a period of suspension, without pay, from November 11, 1974 to the conclusion of the 1974-1975 school year, and respondent is directed to reinstate petitioner for the 1975-1976 school year, with back pay and such other emoluments to which petitioner may be legally entitled. As so modified, determination confirmed, and petition otherwise dismissed on the merits, without costs or disbursements. We hold that the determination of petitioner's guilt was based upon substantial evidence, but that the punishment of dismissal was " ' "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" ' " *(Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck,* 34 NY2d 222, 233). Accordingly, we modify the punishment to the extent indicated herein. Cohalan, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.

■ In the Matter of the Estate of ANTHONY P. GIOIA, Deceased. LOUIS A. SOMMA, Appellant; MARION GIOIA, Respondent.—In a proceeding by an administratrix to fix the compensation of an attorney for services rendered to the estate, the attorney appeals, on the ground of inadequacy, from an order of the Surrogate's Court, Queens County, dated February 13, 1975, which, *inter alia,* fixed the compensation. Order affirmed, without costs or disbursements. The award for services rendered to the estate was adequate. Hopkins, Acting P. J., Margett, Damiani, Christ and Hawkins, JJ., concur.