■ In the Matter of REXETTA HAYNES, Petitioner, v BOARD OF EDUCATION, COLD SPRINGS HARBOR CENTRAL SCHOOL DISTRICT, Respondent.—Proceeding pursuant to CPLR article 78 *inter alia* to review respondent's determination, dated January 20, 1976, and made after a hearing, which dismissed petitioner from her position as a tenured teacher in respondent's employ. Petition granted to the extent that the determination is modified,

on the law, by reducing the penalty to a fine of $1,000. As so modified, determination confirmed and proceeding otherwise dismissed on the merits, without costs or disbursements, and respondent is directed to reinstate petitioner with back pay and all other emoluments to which she may be entitled, less the amount of compensation earned in any other employment or occupation and any unemployment benefits she may have received since her dismissal. There is grave doubt as to whether the charges, other than that of conduct unbecoming a teacher, are supported by substantial evidence. However, it is apparent that petitioner's conduct towards members of the theater staff and the police was conduct unbecoming a teacher. Under all of the circumstances presented by the record in this proceeding, and in the light of petitioner's record, the penalty of dismissal is shocking to one's sense of fairness and constitutes an abuse of discretion. We deem the penalty of a $1,000 fine, as recommended by the hearing panel to be adequate (cf. *Matter of Bowman v Board of Educ.*, 51 AD2d 544; *Matter of Ebner v Board of Educ.*, 51 AD2d 799; *Matter of Goldman v Board of Educ.*, 44 AD2d 828; *Matter of Marcato v Board of Educ.*, 40 AD2d 978). Cohalan, J. P., Hawkins and Mollen, JJ., concur. Suozzi, J., concurs with the reduction of the penalty to a fine of $1,000 and to the reinstatement of the petitioner, with back pay, etc., but votes to limit the time up to which respondent is liable to pay petitioner her back pay and other emoluments to the last day of the October, 1976 term of this court, with the following memorandum: Where the obligation of reimbursing an improperly dismissed employee for back pay is borne by the taxpayers and not by the individuals responsible for the action, this court should not sanction or encourage any delay in the hearing or disposition of the proceedings by directing reimbursement of back pay during the period involved in the delay (see *Matter of Yeampierre v Gutman*, 52 AD2d 608). This proceeding was initiated on March 22, 1976 and was transferred to this court by an order of the Supreme Court, Suffolk County, dated July 23, 1976, pursuant to CPLR 7804 (subd [g]). Inasmuch as this court gave permission for this proceeding to be heard on the original papers, there is no reason why this matter could not have been heard or disposed of by the October, 1976 term, if the petitioner or her attorney had expeditiously prosecuted the proceeding and had not passively participated in any delays attributable to respondent.