■ In the Matter of CLIFTON POWELL, Petitioner, v CITY OF NEWBURGH, Respondent. [725 NYS2d 883] —Proceeding pursuant to CPLR article 78 to review a determination of the City of Newburgh dated April 20, 2000, which adopted the recommendation of a Hearing Officer, made after a hearing, finding the petitioner guilty of charges of misconduct and incompetency, and terminating his employment as a Motor Equipment Operator for the City of Newburgh, Department of Public Works.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

On March 14, 2000, while the petitioner was on duty as a Motor Equipment Operator for the City of Newburgh, Department of Public Works, he was randomly selected to have his urine tested for the presence of drugs. On March 17, 2000, the City received notification that the petitioner tested positive for cocaine. On March 21, 2000, the City served the petitioner with a notice of discipline alleging three charges of misconduct and one charge of incompetency as a result of the positive drug test. Pursuant to Civil Service Law § 75, a hearing was held at which the petitioner was represented by counsel. In his written Report and Recommendation dated April 17, 2000, the Hearing Officer found the petitioner guilty of the charges contained in the notice of discipline, and recommended that his employment be terminated. By letter dated April 20, 2000, the City Manager found that substantial evidence existed to support the finding of guilt and terminated the petitioner's employment with the City.

The petitioner contends that the Hearing Officer's determination was based upon improperly admitted evidence without which there is no substantial evidence to support the administrative determination. This argument is without merit. The report from the random drug test performed by an outside agency was admissible hearsay evidence (see, Civil Service Law § 75 [2]; People ex rel. Vega v Smith, 66 NY2d 130; Gdanski v New York City Tr. Auth., 166 AD2d 590, 591; Lumsden v New York City Fire Dept., 134 AD2d 595, 596). Moreover, findings of fact may be based on hearsay evidence alone (see, Matter of Gray v Adduci, 73 NY2d 741, 742; Matter of Lumsden v New York City Fire Dept., supra). The report of the random drug test was sufficiently relevant and probative to constitute substantial evidence supporting the City Manager's administrative determination (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 181; Matter of Andresen v State of New York Dept. of Motor Vehicles, 227 AD2d 617).

The petitioner's remaining contentions are without merit. Ritter, J. P., Friedmann, H. Miller and Crane, JJ., concur.