■ . In the Matter of JAMES RINDOS, Petitioner, v BOARD OF EDUCATION OF LONGWOOD CENTRAL SCHOOL DISTRICT et al., Respondents. [798 NYS2d 739]—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education of the Longwood Central School District, dated December 23, 2003, which confirmed the finding of the Hearing Officer, made after a hearing, that the petitioner was guilty of misconduct and terminated his employment.

Adjudged that the petition is granted, on the law and on the facts, without costs or disbursements, to the extent that so much of the determination as imposed a penalty terminating the petitioner's employment is annulled, the petition is otherwise denied, the determination is otherwise confirmed, and the matter is remitted to the respondents for the imposition of an appropriate penalty less severe than the termination of the petitioner's employment.

The determination that the petitioner was guilty of misconduct is supported by substantial evidence in the record (*see Matter of Lahey v Kelly,* 71 NY2d 135 [1987]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176 [1978]). However, under all of the circumstances, including the petitioner's previously unblemished record of service to the respondent Longwood Central School District, the penalty of termination was so disproportionate to the offense committed as to be shocking to one's sense of fairness (*see Matter of Mitthauer v Patterson,* 8 NY2d 37, 42 [1960]; *Matter of Haynes v Board of Educ., Cold Springs Harbor Cent. School Dist.,* 57 AD2d 959, 960 [1977]; *Matter of Marcato v Board of Educ. of Cent. School Dist No. 1 of Towns of Carmel & Putnam Val., Putnam County,* 40 AD2d 978 [1972]). Accordingly, we remit the matter to the respondents for the imposition of a penalty less severe than termination of the petitioner's employment. Florio, J.P., H. Miller, Ritter and Goldstein, JJ., concur.