■ In the Matter of MICHAEL KIRK, Petitioner, v CITY OF NEW YORK et al., Respondents. [848 NYS2d 169]—

Determination of respondent Fire Department's Commissioner, dated May 22, 2006, terminating petitioner's employment as a firefighter, unanimously confirmed, the petition denied, and this proceeding (transferred to this Court by order of Supreme Court, New York County [Rolando T. Acosta, J.], entered March 22, 2007), dismissed, without costs.

Petitioner tested positive for cocaine during a random drug test, and the Fire Department terminated his employment. Such determination was supported by substantial evidence (*see Matter of Powell v City of Newburgh*, 284 AD2d 334 [2001], *lv denied* 96 NY2d 720 [2001]; *Matter of Gibson v Koehler*, 165 AD2d 768 [1990]). Petitioner's contention that the Department's random drug testing policy is unconstitutional is without merit (*see Matter of Seelig v Koehler*, 76 NY2d 87 [1990], *cert denied* 498 US 847 [1990]), and the penalty of termination for substance abuse does not shock the conscience (*Matter of Reinhard v City of New York*, 34 AD3d 376, 378 [2006], *lv denied* 8 NY3d 808 [2007]).

Although alcohol dependency qualifies as a disability under the Human Rights Law (Executive Law § 292 [21]; *see Matter of McEniry v Landi*, 84 NY2d 554 [1994]), drug abuse does not (*Gilmore v University of Rochester Strong Mem. Hosp. Div.*, 384 F Supp 2d 602 [WD NY 2005]; *and see Weinstock v Columbia Univ.*, 224 F3d 33, 42 n 1 [2d Cir 2000]). Petitioner failed to establish that his drug abuse was causally related to his alcoholism, and thus did not state a prima facie case of employment discrimination under Executive Law § 296 (1). Concur—Tom, J.P., Andrias, Gonzalez and Sweeny, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GHANDI GREENE, Appellant. [849 NYS2d 188]—Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered on or about August 10, 2005, unanimously affirmed. No opinion. Order filed. Concur—Andrias, J.P., Nardelli, Buckley and Catterson, JJ.