■ In the Matter of DENNIS GILL, Petitioner, v THOMAS LAURO et al., Respondents. [923 NYS2d 845]—

Proceeding pursuant to CPLR article 78 to review a determination of Thomas Lauro, as Commissioner of the Westchester County Department of Environmental Facilities, dated December 21, 2009, which adopted the findings and recommendation of a hearing officer dated December 7, 2009, made after a hearing, finding the petitioner, Dennis Gill, guilty of certain charges of misconduct, and terminated his employment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner, Dennis Gill, was a maintenance laborer who worked for the respondent Westchester County Department of Environmental Facilities (hereinafter the Department) for approximately 6½ years. In October 2007, a set of charges was preferred against Gill alleging that he was guilty of misconduct and/or incompetence due to his time and attendance violations.

A hearing was held at which Gill and his supervisor testified. At the conclusion of the hearing, the hearing officer found Gill guilty of 13 charges and recommended that his employment be terminated. The hearing officer's findings and recommendation were subsequently adopted by the respondent Thomas Lauro, the Commissioner of the Department, who terminated Gill's employment effective December 22, 2009.

Contrary to Gill's contention, the determination that he engaged in misconduct is supported by substantial evidence in the record (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]; Silberzweig v Doherty, 76 AD3d 915, 916 [2010]). Gill's remaining argument that the County's attorney did not have the authority to move to amend specification 7 is improperly raised for the first time in this proceeding and therefore not properly before us. Dillon, J.P., Florio, Balkin and Eng, JJ., concur.