■ In the Matter of DAWN RABIDOU, Appellant, v COUNTY OF DUTCHESS, Respondent. [942 NYS2d 365]—Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Dutchess County Department of Social Services, dated October 20, 2010, which adopted the finding and recommendation of a hearing officer dated October 19, 2010, made after a hearing, finding the petitioner guilty of a certain charge of misconduct, and terminated the petitioner's employment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The review of administrative determinations in employee disciplinary cases made after a hearing under Civil Service Law § 75 is limited to a consideration of whether the determination was supported by substantial evidence (*see* CPLR 7803 [4]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176 [1978]; *Matter of Smith v Carter,* 61 AD3d 982 [2009]). Here, there is substantial evidence in the record to support the determination that the petitioner was guilty of misconduct (*see Matter of Paul v Israel,* 90 AD3d 666, 666 [2011]; *Matter of Gill v Lauro,* 84 AD3d 958, 959 [2011]; *Matter of Cheeseboro v Board of Educ. of Port Chester-Rye Union Free School Dist.,* 82 AD3d 760, 760-761 [2011]). Furthermore, the penalty of termination was not so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law (*see Matter of Ellis v Mahon,* 11 NY3d 754 [2008]; *Matter of Torrance v Stout,* 9 NY3d 1022, 1023 [2008]; *Matter of Rutkunas v Stout,* 8 NY3d 897, 899 [2007]; *Matter of Waldren v Town of Islip,* 6 NY3d 735, 736 [2005]; *Matter of Cheeseboro v Board of Educ. of Port Chester-Rye Union Free School Dist.,* 82 AD3d at 760-761; *Matter of Thomas v County of Rockland, Dept. of Hosps.,* 55 AD3d 745, 745-746 [2008]). Accordingly, we confirm the determination of the Commissioner of the Dutchess County Department of Social Services, deny the petition, and dismiss the proceeding on the merits. Skelos, J.P., Belen, Lott and Miller, JJ., concur.