■ In the Matter of JOHN BOCEK, Petitioner, v THOMAS J. LAURO et al., Respondents. [960 NYS2d 913]—

Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Department of Environmental Facilities of Westchester County dated January 6, 2012, which adopted the report and recommendation of a hearing officer,

made after a hearing pursuant to Civil Service Law article 75, finding the petitioner guilty of certain disciplinary charges, and terminated the petitioner's employment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The standard of review of an administrative determination "made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law" is whether the determination is supported by substantial evidence (CPLR 7803 [4]; *see Matter of Lahey v Kelly*, 71 NY2d 135, 140 [1987]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180 [1978]; *Matter of Barthel v Town of Huntington*, 97 AD3d 814, 814-815 [2012]; *Matter of Rabidou v County of Dutchess*, 94 AD3d 1004, 1004 [2012]). Here, substantial evidence in the record supports the determination that the petitioner was guilty of the subject disciplinary charges.

We reject the petitioner's contention that the penalty of termination of his employment is so disproportionate to the offense as to be shocking to one's sense of fairness (*see Matter of Perez v Rhea*, 20 NY3d 399, 405 [2013]; *Matter of Torrance v Stout*, 9 NY3d 1022 [2008]; *Matter of Barthel v Town of Huntington*, 97 AD3d at 815). To the extent that the petitioner's contention is premised on his interpretation of the evidence, we note that the factfinder explicitly rejected that interpretation. Balkin, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.