■ In the Matter of ANTHONY GRIMALDI, Petitioner, v MAGGIE GOUGH et al., Respondents. [979 NYS2d 682]—

Proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Elmont Public Library, dated July 22, 2011, which adopted the report and recommen-

dation of a hearing officer, made after a hearing pursuant to Civil Service Law article 75, finding the petitioner guilty of certain disciplinary charges, and terminated the petitioner's employment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Judicial review of an administrative determination made after a hearing at which evidence is taken pursuant to direction of law is limited to a consideration of whether that determination was supported by substantial evidence upon the whole record (see CPLR 7803 [4]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]; *Matter of Solano v City of Mount Vernon*, 108 AD3d 676, 676-677 [2013]; *Matter of Bocek v Lauro*, 104 AD3d 940, 941 [2013]). When there is conflicting evidence or different inferences may be drawn, "the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists" (*Matter of Berenhaus v Ward*, 70 NY2d 436, 444 [1987] [internal quotation marks omitted]; *see Matter of Peterson v City of Poughkeepsie*, 99 AD3d 714, 715-716 [2012]). Any credibility issues here were resolved by the hearing officer, and we find no basis upon which to disturb the hearing officer's determination. The determination was supported by substantial evidence.

Contrary to the petitioner's contention, under the circumstances presented, the penalty of termination of the petitioner's employment was not so disproportionate to the offense committed as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 237 [1974]; *Matter of Jeffery v Israel*, 109 AD3d 543, 544 [2013]; *Matter of Guidarelli v Israel*, 105 AD3d 739, 740 [2013]; *Matter of Bocek v Lauro*, 104 AD3d 940, 941 [2013]; *Matter of Jenkins v Israel*, 83 AD3d 1068, 1068-1069 [2011]). Skelos, J.P., Dickerson, Chambers and Miller, JJ., concur.