■ In the Matter of KEVIN MONAHAN, Petitioner, v CITY OF GLEN COVE et al., Respondents. [16 NYS3d 619]—Proceeding pursuant to CPLR article 78 to review a determination of the City Council of the City of Glen Cove dated May 28, 2013, which adopted the findings of a hearing officer dated May 24, 2013, made after a hearing, that the petitioner was guilty of fraud and offering a false instrument for filing, and terminated his employment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Review of an administrative determination made after a trial-type hearing directed by law is limited to whether the determination is supported by substantial evidence (*see Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 239 [1997]; *Matter of Mack v NYCHA Red Hook W. Houses*, 127 AD3d 1198, 1199 [2015]). When there is conflicting evidence or different inferences may be drawn, "the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists" (*Matter of Berenhaus v Ward*, 70 NY2d 436, 444 [1987] [internal quotation marks omitted]; *see Matter of Grimaldi v Gough*, 114 AD3d 679, 680 [2014]). Here, any credibility issues were resolved by the hearing officer, and we find no basis upon which to disturb the hearing officer's determination, which was supported by substantial evidence (*see Matter of Grimaldi v Gough*, 114 AD3d at 680; *Matter of Scuderi v Gardner*, 103 AD3d 645, 647 [2013]).

Contrary to the petitioner's contention, under the circumstances presented, the penalty of termination of his employment was not so disproportionate to the offense committed as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 237 [1974]; *Matter of Hegarty v Board of Educ. of City of N.Y.*, 5 AD3d 771, 773 [2004]; *Matter of Roach v Plainedge Union Free School Dist.*, 230 AD2d 861, 862 [1996]).

The petitioner's remaining contentions are without merit. Rivera, J.P., Balkin, Miller and LaSalle, JJ., concur.