[30 NYS3d 679]

In the Matter of JEFFREY M. BENJAMIN (Admitted as JEFFREY MARC BENJAMIN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 4, 2016

---

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse,* Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

*McDonough and McDonough, LLP,* Garden City (*Chris McDonough* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a petition dated July 14, 2014, containing three charges of professional misconduct. After a prehearing conference on April 13, 2015, which was conducted telephonically, and a hearing on June 9, 2015, the Special Referee issued a report, which sustained all the charges. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as the Court deems just and proper. The respondent joins in the motion to confirm, except as to certain determinations made by the Special Referee, and asks that the matter be referred back to the Grievance Committee for issuance of a private sanction, or in the alternative, a sanction no greater than a public censure.

Charge one alleges that the respondent misappropriated client settlement funds, in violation of rule 1.15 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent maintained an IOLTA escrow account, and a business operating account, for his law firm at JP Morgan Chase Bank. On or about January 17, 2012, Olga I. Roman-Robano, on behalf of her husband, Alfonso Robano, signed a retainer agreement

with the respondent to pursue a claim for alleged deceptive business practices against an automobile dealership, 86th St. Chevrolet/Saab, Inc. (hereinafter the car dealer), and paid the respondent a $5,500 retainer plus $500 for costs and expenses. The car dealer had sold the then-89-year-old Robano a new 2011 Chevrolet Impala with a high monthly payment that he could not afford and which was financed with a high interest rate through AmeriCredit Financial Services (hereinafter the lender). On or about November 7, 2011, Robano voluntarily surrendered the car and agreed to pay the lender the deficiency between the proceeds of the sale of the car and the balance of his account with the lender, which was calculated at $13,698.09.

On or about March 1, 2012, the respondent filed a verified complaint against the car dealer and was subsequently contacted by the insurance company for the car dealer, Tower National Insurance Company (hereinafter the insurer). The insurer agreed to settle the claim and forwarded a settlement check dated July 20, 2012, in the amount of $6,250 (hereinafter settlement check) payable to the order of Robano and the respondent. The respondent failed to obtain Robano's signature on the settlement check, and deposited the settlement check into his business operating account, not his escrow account, on July 26, 2012. By September 17, 2012, the balance in the respondent's business operating account was negative $1,644.08, with none of the settlement funds having been disbursed to Robano.

Charge two alleges that the respondent failed to promptly pay his client the settlement funds in his possession that the client was entitled to receive, in violation of rule 1.15 (c) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent failed to pay Robano the settlement funds received from the car dealer's insurer, which he was entitled to receive, until on or about January 28, 2013.

Charge three, as amended, alleges that the respondent failed to promptly comply with his client's reasonable requests for information, in violation of rule 1.4 (a) (4) of the Rules of Professional Conduct (22 NYCRR 1200.0). After the settlement, in or about January 2013, Roman-Robano, on behalf of her husband, requested documents regarding her husband's case. As of January 28, 2013, when the respondent forwarded a check in the full amount of the settlement to the client under cover of a letter that advised the client that the lender may proceed against Mr. Robano in the future for the deficiency, the above documents requested by Roman-Robano had not been sent to her.

In view of the evidence adduced, and the respondent's admissions as to both the allegations and the charges, as amended, the Special Referee properly sustained the charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

In response to the motion to confirm, the respondent agrees that the Special Referee's report should be confirmed, but takes issue with two of the Special Referee's evidentiary rulings: the admission into evidence of the transcript of the respondent's examination under oath, and the preclusion of proof that the respondent lacked financial motive. The respondent also takes issue with the Special Referee's statement that he "was not convinced" that the respondent's actions "were merely inadvertent." While the respondent may disagree with this statement, there was ample evidence to support it. The respondent deposited the settlement funds into his operating account, when he knew that such funds should have been deposited into his escrow account, and then proceeded to use the funds for his personal use, paying for income taxes, rent, and other business expenses. When the respondent had depleted the funds and the balance in his operating account went below zero in September 2012, he replenished his operating account, but he did not transfer any funds into his escrow account for safekeeping. With regard to the availability of personal funds, as proof of lack of financial motive, while the Special Referee did not admit the respondent's personal bank account statements, he did permit the respondent to testify that he had access to personal funds at the time. As for admission into evidence of the respondent's testimony at the investigative hearing, such testimony is routinely admitted and we find no error here in its admission.

In determining the appropriate measure of discipline to impose, this Court finds that the respondent engaged in serious misconduct by misappropriating client funds and delaying payment to an elderly client the funds that such client was entitled to receive. In mitigation, this Court has considered the respondent's expression of sincere remorse, the unlikelihood of his engaging in similar misconduct, his unblemished record, his full cooperation with the Grievance Committee in its investigation, the substantial evidence presented in support of his good character, his pro bono efforts as an active volunteer in foreclosure clinics administered by the Nassau County Bar Association, and the various charitable activities he partici-

pated in through his synagogue. Of note, the misappropriation was of an isolated nature.

Under the totality of the circumstances, we find that the respondent's misconduct warrants his suspension from the practice of law for a period of six months.

MASTRO, J.P., RIVERA, DILLON, LEVENTHAL and CHAMBERS, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Jeffrey M. Benjamin, admitted as Jeffrey Marc Benjamin, is suspended from the practice of law for a period of six months, commencing June 3, 2016, and continuing until further order of this Court, with leave to the respondent to apply for reinstatement one month prior to the expiration of that period, upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (c) that he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c); and (d) that he has otherwise properly conducted himself; and it is further,

Ordered that the respondent, Jeffrey M. Benjamin, admitted as Jeffrey Marc Benjamin, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Jeffrey M. Benjamin, admitted as Jeffrey Marc Benjamin, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further

Ordered that if the respondent, Jeffrey M. Benjamin, admitted as Jeffrey Marc Benjamin, has been issued a secure pass by the Office of Court Administration, it shall be returned

forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).