■ In the Matter of DARYL GRAHAM, Petitioner, v NEIL JON FIRETOG, a Justice of the Supreme Court, Kings County, et al., Respondents. [49 NYS3d 628]—

Proceeding pursuant to CPLR article 78, inter alia, in the nature of prohibition to prohibit the respondents from continuing the prosecution of the petitioner in a criminal action entitled *People v Graham*, pending in the Supreme Court, Kings County, under Indictment No. 9216/95, and in the nature of mandamus, in effect, to compel the respondent Neil Jon Firetog, a Justice of the Supreme Court, Kings County, to dismiss the indictment.

Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]). The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). The petitioner has failed to demonstrate a clear legal right to prohibition or mandamus (*see Matter of Crain Communications v Hughes*, 74 NY2d 626 [1989]), and has failed to establish entitlement to any other relief requested. Balkin, J.P., Austin, LaSalle and Brathwaite Nelson, JJ., concur.