In the Matter of DANIEL ARMBRUSTER, Petitioner, v SALVATORE CASSANO, Respondent. [51 NYS3d 573]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent, the Commissioner of the Fire Department of the City of New York, dated October 15, 2012, which affirmed a determination of an administrative law judge dated August 24, 2012, made after a hearing, that the petitioner was guilty of three charges of misconduct and terminated his employment as a firefighter with the Fire Department of the City of New York.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner tested positive for cocaine during a random

drug test administered by the Fire Department of the City of New York (hereinafter the Fire Department). At the subsequent administrative hearing, the petitioner admitted that he tested positive for cocaine in contravention of the Fire Department's "zero tolerance" drug policy. In support of his affirmative defense that his ingestion of cocaine was unknowing, the petitioner testified at the hearing that he could not recall the circumstances of his cocaine use because "I was drinking excessively and I blacked out." The Commissioner of the Fire Department, upon the report and recommendation of the Administrative Law Judge (hereinafter the ALJ), found the petitioner guilty of the charges and terminated his employment. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination.

Review of an administrative determination made after a trial-type hearing directed by law is limited to whether the determination is supported by substantial evidence (see Matter of Jennings v New York State Off. of Mental Health, 90 NY2d 227, 239 [1997]; Matter of Mack v NYCHA Red Hook W. Houses, 127 AD3d 1198, 1199 [2015]). When there is conflicting evidence or different inferences may be drawn, " 'the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists' " (Matter of Berenhaus v Ward, 70 NY2d 436, 444 [1987], quoting Matter of Stork Rest. v Boland, 282 NY 256, 267 [1940]; see Matter of Grimaldi v Gough, 114 AD3d 679, 680 [2014]). Here, any credibility issues were resolved by the hearing officer, and we find no basis upon which to disturb the determination, which was supported by substantial evidence (see Matter of Grimaldi v Gough, 114 AD3d at 680; Matter of Scuderi v Gardner, 103 AD3d 645, 647 [2013]).

Moreover, the petitioner was not deprived of due process by the cumulative effect of the approximately three-year delay in conducting the administrative hearing, the ALJ's evidentiary rulings, the petitioner's brief exclusion from the hearing during a pause in his testimony, and the Fire Department counsel's isolated disparaging commentary. The prejudice arising from these circumstances, where it arose at all, did not so permeate the underlying hearing as to render it unfair (see Matter of O'Keefe v Murphy, 38 NY2d 563, 567-568 [1976]; Matter of Rigle v Daines, 78 AD3d 1249, 1250-1251 [2010]; Matter of Jean-Baptiste v Sobol, 209 AD2d 823, 824 [1994]).

In light of the petitioner's relatively brief tenure with the

Fire Department at the time of his positive drug test and the ALJ's finding that the petitioner's testimony lacked credibility, application of the zero tolerance drug policy to impose the penalty of termination was not so disproportionate to the offense committed as to be shocking to one's sense of fairness, despite evidence that the petitioner had previously sustained two employment-related injuries (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 237 [1974]; *Matter of Kelly v Scoppetta*, 56 AD3d 475, 476 [2008]; *Matter of O'Neill v City of New York*, 52 AD3d 258 [2008]; *Matter of Kirk v City of New York*, 47 AD3d 406 [2008]). Mastro, J.P., Chambers, Miller and Maltese, JJ., concur.

■ In the Matter of JEFFREY M. BENJAMIN (Admitted as JEFFREY MARC BENJAMIN), a Suspended Attorney. [49 NYS3d 628]— Motion by Jeffrey M. Benjamin for reinstatement to the Bar as an attorney and counselor-at-law. Mr. Benjamin was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 26, 2000, under the name Jeffrey Marc Benjamin. By decision and order on application of this Court dated December 12, 2014, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts was authorized to institute and prosecute a disciplinary proceeding against Mr. Benjamin based on a verified petition dated July 14, 2014, and the issues raised were referred to David I. Ferber, Esq., as Special Referee, to hear and report. By opinion and order of this Court dated May 4, 2016, Mr. Benjamin was suspended from the practice of law for a period of six months, commencing June 3, 2016, based on three charges of professional misconduct (*see Matter of Benjamin*, 139 AD3d 110 [2016]).

Upon the papers filed in support of the motion and the papers filed in relation thereto, it is

Ordered that the motion is granted; and it is further,

Ordered that, effective immediately, Jeffrey Marc Benjamin is reinstated as an attorney and counselor-at-law, and the Clerk of the Court is directed to restore the name of Jeffrey Marc Benjamin to the roll of attorneys and counselors-at-law. Eng, P.J., Mastro, Rivera, Dillon and Balkin, JJ., concur.