Matter of Owens v County of Dutchess (2018 NY Slip Op 04732)





Matter of Owens v County of Dutchess


2018 NY Slip Op 04732


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-09646
 (Index No. 1440/16)

[*1]In the Matter of Alethea Owens, petitioner, 
v
County of Dutchess, et al., respondents.


O'Neil & Burke, LLP, Poughkeepsie, NY (William T. Burke of counsel), for petitioner.
James M. Fedorchak, County Attorney, Poughkeepsie, NY (Caroline E. Blackburn of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the County of Dutchess Department of Community and Family Services dated March 18, 2016. The Commissioner adopted a hearing officer's finding that the petitioner was guilty of a charge of misconduct and terminated the petitioner's employment.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner, an employee of the County of Dutchess Department of Community and Family Services, became involved in an argument with a coworker on the day in question. At some point the coworker said "bite me" to the petitioner. The petitioner then approached the coworker from behind and bit her on the arm, which caused her pain and bruising.
The petitioner was charged with one count of misconduct and/or incompetence. At an administrative hearing, the petitioner admitted to the act but maintained that she merely was joking and had not intended to hurt the coworker. The hearing officer found the petitioner guilty of misconduct for biting the coworker's arm. The Commissioner of the County of Dutchess Department of Community and Family Services adopted the hearing officer's findings of fact and determined that termination of the petitioner's employment was an appropriate penalty given the [*2]nature of the incident, the petitioner's failure to appreciate the significance of her actions, her lack of remorse, and her failure to adhere to previous warnings to modify her behavior.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review the Commissioner's determination. The petitioner contended that the determination finding her guilty of misconduct was not supported by substantial evidence as the evidence showed that she was making an inappropriate joke and did not intend to harm the coworker. She also argued that the punishment of termination of her employment was disproportionate to the offense due to her 19 years of service to the County without any formal disciplinary history. The matter was transferred to this Court from the Supreme Court as it involves a substantial evidence review.
In employee disciplinary cases, judicial review of factual findings made after a hearing pursuant to Civil Service Law § 75 is limited to a consideration of whether the determination was supported by substantial evidence (see CPLR 7803[4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176; Matter of Tinter v Board of Trustees of the Pound Ridge Lib. Dist., 155 AD3d 1054, 1056-1057; Matter of Smith v Carter, 61 AD3d 982). Here, there is substantial evidence in the record to support the determination that the petitioner was guilty of misconduct, as she admittedly bit her coworker with sufficient force to leave a mark on her arm (see Matter of Bocek v Lauro, 104 AD3d 940; Matter of Barthel v Town of Huntington, 97 AD3d 814, 815; Matter of Rabidou v County of Dutchess, 94 AD3d 1004; Matter of Gill v Lauro, 84 AD3d 958, 959). The penalty of termination of employment was not so disproportionate to the offense as to be shocking to one's sense of fairness (see Matter of Rutkunas v Stout, 8 NY3d 897; Matter of Rabidou v County of Dutchess, 94 AD3d 1004; Matter of Overton v Board of Educ. of the Yonkers City School Dist., 72 AD3d 1094; Matter of Gonzalez v Carter, 208 AD2d 924, 925). Accordingly, the determination of the Commissioner is confirmed, the petition is denied, and the proceeding is dismissed on the merits.
DILLON, J.P., CHAMBERS, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court