Matter of Cupo v Uniondale Fire Dist. (2020 NY Slip Op 01496)





Matter of Cupo v Uniondale Fire Dist.


2020 NY Slip Op 01496


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-10582
 (Index No. 432/18)

[*1]In the Matter of Christopher Cupo, petitioner,
v
Uniondale Fire District, respondent.


Law Office of Glenn Kurtzrock, P.C., Hauppauge, NY, for petitioner.
Bond, Schoeneck & King PLLC, Garden City, NY (Gregory B. Reilly and Christopher F. Mansfield of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Board of Fire Commissioners of the Uniondale Fire District dated December 21, 2017. The determination adopted the findings of a hearing officer dated December 20, 2017, made after a hearing pursuant to Civil Service Law § 75, that the petitioner was guilty of certain charges of misconduct and/or incompetence, and terminated the petitioner's employment as a firehouse maintainer.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner began his employment with the respondent, Uniondale Fire District (hereinafter the Fire District), as a firehouse maintainer in April 2016. In October 2017, the Fire District commenced a disciplinary proceeding against the petitioner pursuant to Civil Service Law § 75, charging him with misconduct and/or incompetence. In addition to charges alleging, inter alia, excessive socializing and failure to complete assigned duties, the most serious charge, charge V, specification 1, alleged that on August 8, 2017, the petitioner stated that he "wanted to get a gun and go postal on this place."
At a hearing in November 2017, the petitioner testified and denied the charges. In addition, several Fire District employees and one of the commissioners testified at the hearing. At the conclusion of the hearing, the hearing officer found that the Fire District sustained specifications 3 and 4 of charge II, a portion of specification 1 of charge IV, and a portion of specification 1 of charge V. Regarding charge V, specification 1, the hearing officer found that the petitioner used the phrase "go postal" or "going postal," but he did not find that the petitioner used the word "gun." The hearing officer determined that the petitioner understood the meaning of the phrase "going postal," and that the phrase reasonably could be interpreted as threatening. He recommended terminating the petitioner's employment.
On December 21, 2017, the Board of Fire Commissioners of the Fire District adopted the findings of the hearing officer and terminated the petitioner's employment. The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to review the Fire District's determination.
In employee disciplinary cases, judicial review of factual findings made after a hearing pursuant to Civil Service Law § 75 is limited to consideration of whether that determination was supported by substantial evidence (see CPLR 7803[4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-180; Matter of Thomas v Town of Southeast, N.Y., 168 AD3d 955, 956-957; Matter of Owens v County of Dutchess, 162 AD3d 1040, 1041; Matter of Harris v City of Poughkeepsie, 162 AD3d 663, 665). "When there is conflicting evidence or different inferences may be drawn, the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists'" (Matter of Grimaldi v Gough, 114 AD3d 679, 680, quoting Matter of Berenhaus v Ward, 70 NY2d 436, 444).
Here, any credibility issues were resolved by the hearing officer (see Matter of Reed v Raynor, 151 AD3d 730, 730), and substantial evidence in the record supports the determination that the petitioner was guilty of the misconduct and/or incompetence alleged in specifications 3 and 4 of charge II, a portion of specification 1 of charge IV, and a portion of specification 1 of charge V (see Matter of Thomas v Town of Southeast, N.Y., 168 AD3d at 957; Matter of Owens v County of Dutchess, 162 AD3d at 1041; Matter of Harris v City of Poughkeepsie, 162 AD3d at 665).
A court may set aside an administrative penalty only if it is so disproportionate to the offense as to be shocking to one's sense of fairness (see Matter of Waldren v Town of Islip, 6 NY3d 735, 736; Matter of Harris v City of Poughkeepsie, 162 AD3d at 665). "That reasonable minds might disagree over what the proper penalty should have been does not provide a basis for . . . refashioning the penalty" (City School Dist. of the City of N.Y. v McGraham, 17 NY3d 917, 920; see Matter of Bolt v New York City Dept. of Educ., 30 NY3d 1065, 1068).
Here, the penalty of termination was not so disproportionate to the offense so as to be shocking to one's sense of fairness (see Matter of Mapp v Burham, 8 NY3d 999, 1000; Matter of Rutkunas v Stout, 8 NY3d 897, 898; Matter of Kennedy v New York State Off. for People with Dev. Disabilities, 173 AD3d 1755, 1758; Matter of Owens v County of Dutchess, 162 AD3d at 1041; Matter of Armbuster v Cassano, 149 AD3d 729, 730-731), especially in light of the disturbing nature of the petitioner's statement about "going postal" (see Matter of Sindoni v County of Tioga, 67 AD3d 1183, 1184-1185; Matter of Bottari v Saratoga Springs City School Dist., 3 AD3d 832, 833; see also Matter of Cheeseboro v Board of Educ. of Port Chester-Rye Union Free School. Dist., 82 AD3d 760, 760-761).
The petitioner's remaining contentions are without merit.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court