Matter of Hernandez v Port Wash. Union Free Sch. Dist. (2021 NY Slip Op 02157)





Matter of Hernandez v Port Wash. Union Free Sch. Dist.


2021 NY Slip Op 02157


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2019-06614
 (Index No. 604599/19)

[*1]In the Matter of Edwin Hernandez, petitioner,
v
Port Washington Union Free School District, respondent.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Brooklyn, NY (Anthony J. Genovesi of counsel), for petitioner.
Bond, Schoeneck & King, PLLC, Garden City, NY (Howard M. Miller and Hilary Moreira of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Port Washington Union Free School District dated December 5, 2018. The determination adopted the findings of a hearing officer dated November 29, 2018, made after a hearing pursuant to Civil Service Law § 75, that the petitioner was guilty of certain charges of misconduct, and terminated the petitioner's employment.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
On August 11, 2017, the petitioner, a motor equipment operator employed by the Port Washington Union Free School District (hereinafter the respondent), sustained injuries when the ride-on lawn mower he was using while at work overturned. As a result of the accident, the petitioner obtained a doctor's recommendation that he not return to work until September 7, 2017. After the petitioner returned to work, the respondent preferred fourteen Civil Service Law § 75 disciplinary charges against him for misconduct that occurred between August 12, 2017, and September 8, 2017. The sum and substance of the charges was that the petitioner was out of work on workers' compensation even though he was able to perform the essential functions of his job as a motor equipment operator. Following a hearing on the disciplinary charges, the hearing officer issued a report and recommendation, which found the petitioner guilty of all 14 disciplinary charges and recommended terminating his employment. The respondent subsequently adopted the hearing officer's findings and recommendation and terminated the petitioner's employment as of December 5, 2018. The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the respondent's determination, and the Supreme Court transferred the matter to this Court pursuant to CPLR 7804(g).
This Court's review of an administrative determination in an employee disciplinary proceeding made after a hearing pursuant to Civil Service Law § 75 is limited to considering whether the determination was supported by substantial evidence (see CPLR 7803[4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-180; Matter of Kelly v County of Dutchess, [*2]176 AD3d 1060, 1062). "When there is conflicting evidence or different inferences may be drawn, 'the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists'" (Matter of Grimaldi v Gough, 114 AD3d 679, 680, quoting Matter of Berenhaus v Ward, 70 NY2d 436, 444). Here, any credibility issues were resolved by the hearing officer (see Matter of Kelly v County of Dutchess, 176 AD3d at 1062; Matter of Thomas v Town of Southeast, N.Y., 168 AD3d 955, 957), and we find no basis upon which to disturb the determination that the petitioner was guilty of the misconduct alleged, which was supported by substantial evidence.
"A court may set aside an administrative penalty only if it is so disproportionate to the offense as to be shocking to one's sense of fairness" (Matter of Thomas v Town of Southeast, N.Y., 168 AD3d at 957; see Matter of Waldren v Town of Islip, 6 NY3d 735, 736). Under the circumstances here, the penalty of termination of the petitioner's employment was not so disproportionate to the offense committed as to be shocking to one's sense of fairness (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-235; Matter of Peterson v City of Poughkeepsie, 131 AD3d 1250, 1251).
DILLON, J.P., AUSTIN, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court