Matter of Kimble v Yonkers Bd. of Educ. (2023 NY Slip Op 01296)

Matter of Kimble v Yonkers Bd. of Educ.

2023 NY Slip Op 01296

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-06722
 (Index No. 50230/19)

[*1]In the Matter of Charles Kimble, petitioner,
v
Yonkers Board of Education, respondent.

Charny & Wheeler P.C., Rhinebeck, NY (Russell G. Wheeler of counsel), for petitioner.
Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino, Mark Goreczny, and Joanna Topping of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Yonkers Board of Education dated September 4, 2018. The determination adopted the findings of a hearing officer dated July 20, 2018, made after a hearing pursuant to Civil Service Law § 75, that the petitioner was guilty of incompetence, insubordination, and misconduct, and terminated the petitioner's employment as a custodial worker.
ADJUDGED that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the determination as imposed a penalty terminating the petitioner's employment is annulled, the petition is otherwise denied, the determination is otherwise confirmed, the proceeding is otherwise dismissed, and the matter is remitted to the respondent for the imposition of a lesser penalty.
The petitioner was employed by the Yonkers Board of Education (hereinafter the Board) as a custodial worker. In March 2018, the Board commenced a disciplinary proceeding against the petitioner pursuant to Civil Service Law § 75, charging him with incompetence and misconduct. The Board alleged, inter alia, that the petitioner threatened the safety and security of staff and students by failing to timely remove a knife and pepper spray that had been hidden at or behind a radiator, disseminated an inappropriate photograph of himself without his shirt on to another staff member, solicited two students to play a basketball game upon which he would wager a bet, and violated the school district's non-fraternization policy. A hearing was held at which both parties offered evidence and the petitioner testified.
In a report and recommendation dated July 20, 2018, the hearing officer found the petitioner guilty of incompetence, insubordination, and misconduct and recommended that the petitioner's employment be terminated. On September 4, 2018, the Board adopted the findings of the hearing officer and terminated the petitioner's employment. The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to review the Board's determination, and the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
"This Court's review of an administrative determination in an employee disciplinary proceeding made after a hearing pursuant to Civil Service Law § 75 is limited to considering whether [*2]the determination was supported by substantial evidence" (Matter of Hernandez v Port Wash. Union Free Sch. Dist., 193 AD3d 733, 734; see CPLR 7803[4]). "'Substantial evidence has been defined as such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (Matter of Tevlin v Board of Educ. of Great Neck Union Free Sch. Dist., 191 AD3d 892, 893, quoting Matter of Berenhaus v Ward, 70 NY2d 436, 443). "When there is conflicting evidence or different inferences may be drawn, 'the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists'" (Matter of Grimaldi v Gough, 114 AD3d 679, 680, quoting Matter of Berenhaus v Ward, 70 NY2d at 444).
Here, substantial evidence in the record supports the determination that the petitioner was guilty of incompetence, insubordination, and misconduct (see Matter of Barron [State of N.Y. Off. of Mental Health], 135 AD3d 1111, 1114; Matter of Russo v Board of Educ. of Wantagh Union Free School Dist., 259 AD2d 703, 704). The record indicates, inter alia, that the petitioner discovered a knife and pepper spray under a radiator and left them there for approximately three hours knowing that there were students and other staff in the building, and that the petitioner gave two students $25 each after betting that one of the students would win in a basketball game against the other. Contrary to the petitioner's contention, "a finding of incompetence . . . only requires evidence of some dereliction or neglect of duty" (Matter of Branam v Simons, 300 AD2d 973, 974; see Matter of Gillen v Smithtown Lib. Bd. of Trustees, 234 AD2d 368, 370).
However, in light of all the circumstances, including the petitioner's length of service and lack of a prior disciplinary record, the penalty of termination was so disproportionate to the offense as to be shocking to one's sense of fairness (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233; Matter of Solis v Department of Educ. of City of N.Y., 30 AD3d 532; Matter of Rindos v Board of Educ. of Longwood Cent. School Dist., 20 AD3d 572).
The petitioner's remaining contentions are without merit.
Accordingly, we grant the petition to the extent that so much of the determination as terminated the petitioner's employment is annulled, and we remit the matter to the respondent for the imposition of a lesser penalty.
BRATHWAITE NELSON, J.P., MALTESE, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court