Matter of Davis v Town of Islip (2025 NY Slip Op 00443)

Matter of Davis v Town of Islip

2025 NY Slip Op 00443

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LOURDES M. VENTURA, JJ.

2020-05542
 (Index No. 1005/20)

[*1]In the Matter of Kimberly Davis, petitioner,
v
Town of Islip, respondent.

Law Offices of Jason Bassett, P.C., Central Islip, NY, for petitioner.
Littler Mendelson P.C., Melville, NY (Lisa M. Griffith and Shirley W. Bi of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Town of Islip Department of Personnel and Labor Relations dated October 28, 2019. The determination adopted the findings of a hearing officer dated October 24, 2019, made after a hearing pursuant to Civil Service Law § 75, that the petitioner was guilty of certain charges of misconduct, incompetence, and/or insubordination, and terminated the petitioner's employment as a principal town investigator.
ADJUDGED that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the determination as found the petitioner guilty of charge I and specification 4 of charge III is annulled, those specifications are dismissed, the penalty imposed is vacated, the determination is otherwise confirmed, and the matter is remitted to the respondent for a new consideration of the appropriate penalty to be imposed in accordance herewith, and the imposition of such a penalty thereafter.
The petitioner was employed by the respondent's Division of Code Enforcement as a principal town investigator. On October 24, 2018, the petitioner was charged with misconduct, incompetence, and/or insubordination. In relevant part, charge I, which consisted of a single specification, alleged that on December 7, 2017, the petitioner lied while participating in an investigation conducted at the respondent's behest; charge II, which contained three specifications, alleged that the petitioner admitted to using racial epithets and/or vulgar language on December 7, 2017; and charge III, which contained seven specifications, alleged that the petitioner failed to comply with several directives given by her supervisor. The charges were later amended so as to include charge IV, which contained five specifications, alleging, in relevant part, that the petitioner used profanity in an email to another town investigator.
After an administrative hearing, the hearing officer found the petitioner guilty of charge I, specifications 1 through 3 of charge II, specifications 1 through 7 of charge III, and specification 2 of charge IV. The hearing officer recommended termination of the petitioner's employment based upon her "persistent refusal . . . to obey a legitimate order of a supervisor," her use of language that was "entirely inappropriate in a professional environment," and her later untruthful answers about her conduct during the respondent's investigation. The respondent's [*2]Department of Personnel and Labor Relations adopted the hearing officer's report and recommendation and terminated the petitioner's employment.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination of the respondent's Department of Personnel and Labor Relations. The Supreme Court transferred the matter to this Court pursuant to CPLR 7804(g) for determination.
"This Court's review of an administrative determination in an employee disciplinary proceeding made after a hearing pursuant to Civil Service Law § 75 is limited to considering whether the determination was supported by substantial evidence" (Matter of Kimble v Yonkers Bd. of Educ., 214 AD3d 806, 807 [internal quotation marks omitted]; see Matter of Hunstein v Town of Southold, 204 AD3d 797, 800). "When there is conflicting evidence or different inferences may be drawn, the duty of weighing the evidence and making the choice rests solely upon the administrative agency. The courts may not weigh the evidence or reject the choice made by such agency where the evidence is conflicting and room for choice exists" (Matter of Cupo v Uniondale Fire Dist., 181 AD3d 594, 595 [alterations and internal quotation marks omitted]; see Matter of Hernandez v Port Wash. Union Free Sch. Dist., 193 AD3d 733, 734). Here, any credibility issues were resolved by the hearing officer, and substantial evidence in the record supports the determination that the petitioner was guilty of the misconduct, incompetence, and/or insubordination alleged in specifications 1 through 3 of charge II, specifications 1, 2, 3, 5, 6, and 7 of charge III, and specification 2 of charge IV (see Matter of Cupo v Uniondale Fire Dist., 181 AD3d at 595; Matter of Kelly v County of Dutchess, 176 AD3d 1060, 1062).
However, specification 1 of charge I, which charged the petitioner with untruthfully denying making a statement containing a racial epithet, "or words to that effect," while participating in an investigation conducted at the respondent's behest, was unsupported by substantial evidence. The record demonstrates that the attorney hired by the respondent to interview the petitioner could not recall the petitioner's answer during a December 7, 2017 interview when she was asked whether she had made the statement alleged in the charge, and no other witnesses recalled the petitioner making the statement as alleged. The petitioner admitted to making a similar statement, but the statement did not constitute "words to th[e] effect" of those alleged in the charge.
Further, specification 4 of charge III was unsupported by substantial evidence. This specification charged the petitioner with failing to follow up on an email from her supervisor dated December 1, 2017. The record demonstrates that on December 4, 2017, the petitioner responded to that email and provided the information requested by her supervisor.
Since the respondent imposed a penalty of termination of the petitioner's employment upon all of the specifications for which she was found guilty, and we are dismissing two of those specifications, we vacate the penalty and remit the matter to the respondent to consider the appropriate penalty to be imposed upon the remainder of the charges and specifications for which she was found guilty, and the imposition of that penalty thereafter (see Matter of Kelly v County of Dutchess, 176 AD3d at 1063; Matter of Rounds v Town of Vestal, 15 AD3d 819, 823).
The petitioner's contention that the attorney who interviewed the petitioner about charges in the specifications improperly failed to disclose certain relationships with the respondent's counsel is not properly before this Court because it was not raised in the administrative proceeding (see Matter of Williams v Appeals Bd. of Admin. Adjudication Bur., State Dept. of Motor Vehs., 153 AD3d 1419, 1420; Matter of Cepeda v Goord, 39 AD3d 640, 641).
The petitioner's remaining contentions have been either abandoned or rendered academic in light of our determination.
DUFFY, J.P., MILLER, CHRISTOPHER and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court